**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SETH MONROE, JR**                                                                **PLAINTIFF**

V.                              **CASE NO. 4:17-CV-00098 JLH/BD**

**BRUSSEUX, et al.**                                                              **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections**:

This Recommended Disposition ("Recommendation") has been sent to Judge J. Leon Holmes.  A Party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing the record.

**II.     Introduction:**

Plaintiff Seth Monroe, Jr, a patient in the Arkansas State Hospital ("ASH"), filed this civil rights lawsuit without the help of a lawyer.[1] (Docket entry #2) It appears from

---

[1] Judge Holmes referred this action for disposition or recommended disposition, as appropriate, and for all pretrial matters.  (#3)

1

State court records that Mr. Monroe was committed to the custody of the ASH after he was found not guilty by reason of insanity.

Mr. Monroe's original complaint was only partially legible, and his claims were likewise unclear. He stated in general terms that he wanted to leave ASH; that he disagreed with the mental health treatment regimen he was receiving; and that he objected to being forced to take medication. There were not enough facts, however, to state a federal claim for relief.

By order of February 27, 2017, the Court set out the deficiencies in the complaint and gave Mr. Monroe an opportunity to file an amended complaint. (#4) Mr. Monroe has since filed a notice and two amended complaints. (#5, #6, and #7) None of these filings, however, include factual allegations that state a federal claim.

### III.    Discussion:

Mr. Monroe has sued a number of state actors in their official capacities only. (#7, p. 2) All of the Defendants he names are doctors at ASH. Mr. Monroe clearly seeks release from the ASH and money damages (#2, #6, #7), but he has not alleged facts to raise a plausible federal claim for relief.

For a complaint to state a claim, a plaintiff must plead facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). The Court must accept the factual allegations in the complaint as true and hold Mr. Monroe's complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Even so, broad conclusory allegations are insufficient to state a claim under 42 U.S.C. § 1983. *Grady v. Wilken*, 735 F.2d 303, 305 (8th Cir. 1984).

    A.  Release from Custody

Mr. Monroe would like to leave the ASH as soon as possible. (#2, #5, #6, and #7) This relief is not available through a civil rights action. Instead, to challenge his custody, Mr. Monroe must file a separate petition for writ of habeas corpus.

Mr. Monroe's papers indicate that his custody is the result of an Act 911 commitment after his acquittal by reason of insanity. (#2) He does not challenge the constitutionality of Arkansas's civil commitment laws, and he has included no allegations to support a due process claim regarding his current custody. He has stated no facts showing that his custody in the ASH violates his due process rights.

    B.  Disagreement with Treatment

Mr. Monroe does not like the medication he has been prescribed. (#6) Disagreement with treatment decisions does not rise to the level of a constitutional violation. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Mr. Monroe's forced medication allegation, however, is a different matter.

The Supreme Court has long recognized a liberty interest under the Due Process Clause in avoiding the unwanted administration of antipsychotic drugs. *Washington v. Harper*, 110 S.Ct. 1028, 1036, 494 U.S. 210, 221 (1990). An "overriding justification and a determination of medical appropriateness," however, can justify the forced

administration of medication to a convicted prisoner. *Riggins v. Nevada*, 504 U.S. 127, 135, 112 S.Ct. 1810 (1992). Acknowledging that Mr. Monroe is a mental patient declared not guilty by reason of his mental impairment rather than a prisoner, the Court must analyze his claims under the fourteenth amendment, rather than the eighth amendment. *Revels v. Vincenz*, 382 F.3d 870, 874 (2004). That said, the standards are analogous.

States "enjoy wide latitude in developing treatment regimens" for mental patients. *Kansas v. Hendricks*, 521 U.S. 346, 368 n. 4 (1997). The decisions of treating professionals, like the Defendants here, are generally entitled to a "presumption of correctness." *Youngberg v. Romeo*, 457 U .S. 307, 324 (1982). "A decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323.

Mr. Monroe alleges he was forced to receive a shot (injection) in September 2016, but now takes his medications in pill form. (#2) In an amended complaint, Mr. Monroe complains that he was not given an option of taking pills in place of injections. (#6) He alleges injuries to his buttocks and arms as a result of the injections. (#7) Assuming those allegations to be true, they do not call into question the professional judgment of any of the Defendants.

Mr. Monroe has not provided enough information to raise his claim above a speculative level. (#4) His broad, conclusory allegations are insufficient to state a claim

under 42 U.S.C. § 1983. *Grady*, 735 F.2d at 305. He has not stated who administered the injections he complains about; who prescribed the medication; or why the medications were prescribed. There are no allegations that the medications were administered for reasons other than treating his serious mental health needs.

## IV.     Conclusion:

The Court recommends that Judge Holmes DISMISS Mr. Monroe's complaint (#2), first amended complaint (#6), and second amended complaint (#7), without prejudice, for failure to state a federal claim for relief.

DATED this 19th day of July, 2017.

_____
UNITED STATES MAGISTRATE JUDGE